George E. Hulse v. Commissioner.
Hulse v. Commissioner
Docket No. 5306-65.
United States Tax Court
T.C. Memo 1969-7; 1969 Tax Ct. Memo LEXIS 288; 28 T.C.M. (CCH) 27; T.C.M. (RIA) 69007; January 13, 1969. Filed. Milton Josephson, for the petitioner. Julius M. Jacobs, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined an income tax deficiency against petitioner for the year 1963 in the amount of $335.22. The only issue for decision is whether the petitioner provided more than one-half of the support of his two minor sons in 1963 so as to qualify them as his dependents under section 152(a)(1), Internal Revenue Code of 1954. Findings of Fact Certain facts have been stipulated by the parties and are incorporated herein by this reference. George E. Hulse (herein called petitioner) resided in Trenton, *289 New Jersey, at the time he filed his petition in this proceeding. His individual Federal income tax return for the year 1963 was filed with the district director of internal revenue at Camden, New Jersey. Petitioner and Marie A. Hulse (now known as Marie A. Costanzo) were married in 1948. Two sons were born to them - John E. Hulse on March 5, 1950, and George K. Hulse on October 31, 1951. Petitioner and Marie were separated on September 2, 1960. Since that time Marie has had custody of John and George and they have resided with her continuously. On December 7, 1961, the Superior Court of Mercer County, New Jersey, Chancery Division, ordered, among other things, that petitioner pay to Marie, through the Mercer County Probation Department, the sum of $30 per week for the support and maintenance of John and George. On April 23, 1963, the Superior Court of Mercer County, New Jersey, Chancery Division, ordered and adjudged that petitioner and Marie be divorced and that the custody of their two minor children be awarded to Marie. During the year 1963 John and George lived with their mother, who was employed by Two Guys from Harrison where she is now assistant manager of the drug department. *290 In 1963, she was paid $2,831.24 from Two Guys from Harrison; she withdrew $770 from savings; and she received gifts of $300 from her parents. In 1963 petitioner contributed $780 for the support of John and $780 for the support of George, consisting of the payments of $30 each week. The total support of John in 1963 was at least $2,000. The total support of George in 1963 was lat least $2,000. Petitioner did not provide more than one-half of the total support of John and George during the year 1963. Opinion The only question presented is whether respondent properly disallowed the dependency exemptions claimed by petitioner for his two sons in the year 1963. This in turn depends upon whether petitioner furnished more than one-half of the support for the children in that year. The burden of proof is upon him. He has failed to carry his burden. The evidence is convincing that the amount he provided for their support in 1963 fell far short of one-half. We have so found as a fact. Therefore, Decision will be entered for the respondent.